## SMITH v. BORDEN'S CONDENSED MILK CO.

(Supreme Court, Appellate Term. November 29, 1905.)

NEGLIGENCE—EVIDENCE—SUFFICIENCY.

Plaintiff was injured in consequence of defendant's servant pulling down a dumb waiter. The waiter had been pulled up to plaintiff's apartments, and while she was placing articles on a shelf therein she put her head inside of it, and as it was pulled down she was injured. She knew that there was a safety clutch, but did not use it. The servant could not see plaintiff, and he had no reason to anticipate that, in placing the articles on the shelf, she would put her head so far into the waiter that his act in pulling it down would injure her. He did not wait for a signal. *Held*, as a matter of law, that the servant was not negligent.

Appeal from City Court of New York, Trial Term.

Action by Addie E. Smith against Borden's Condensed Milk Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Thomas M. Rowlette (F. Herbert Wadsworth, of counsel), for appellant.

Jacoby & Dalberg (Oswald N. Jacoby, of counsel), for respondent.

SCOTT, P. J. In our opinion the evidence, taking the plaintiff's own testimony as true, failed to show either negligence on the part of defendant's servant or lack of negligence on the part of plaintiff. The plaintiff lived on the second floor of an apartment house. There was a dumb waiter running up from the basement, by means of which tradesmen made deliveries. This dumb waiter was 2 feet wide and 20 inches deep, and opened into plaintiff's kitchen about 2 feet above the floor, which was the height of the bottom shelf of the dumb waiter when pulled up to plaintiff's apartment. Defendant's driver, who stood in the basement, rang the bell and called plaintiff's attention. Some conversation was held respecting the payment of a bill, and plaintiff told the driver that she would put money in one of the empty milk bottles. She then put five or six empty bottles on the shelf of the dumb waiter, and was in the act of putting thereon the bottle containing the money, when the driver pulled the dumb waiter down. By some means the plaintiff then had her head inside the dumb waiter, and as it was pulled down the top struck her head, inflicting injuries. There was a safety clutch at plaintiff's hand, the existence of which she knew; but she had never used it.

It was impossible for the driver to see plaintiff. There was no explanation given as to how plaintiff's head came to be inside the dumb waiter, and there does not appear to have been any reason why it should have been in. Certainly the driver could have had no reason to anticipate that, in placing half a dozen milk bottles on the shelf, the plaintiff would have put her head so far into the waiter that his act in pulling it down would result in injury. Assuming that the driver did not wait for a signal, but became impatient and pulled the waiter down without notice, still he is to be held responsible only for the natural and probable consequences of his act. He may be charged

with notice of the number of bottles to be sent down, and yet there was no reason to anticipate that the plaintiff would be in such a position that moving the elevator would hit her head. In our opinion there was no evidence of negligence to submit to the jury.

Judgment and order reversed and new trial granted, with costs to appellant to abide the event. All concur.